mitted for decision upon the following stipulation of counsel for the respective parties herein:

MR. GLAD: If it please the Court, I offer to stipulate—or, first, if it please the Court, this appeal is limited to just that item described on the commercial invoice as 51/52 article 9178 Carnation, of 200 dozen.

I offer to stipulate that this merchandise was exported from Hong Kong on or before October of 1959;

That it is not on the final list promulgated under the new law for value, being part of the Customs Simplification Act of 1956;

And that the proper basis of appraisement is export value;

And that the export value at this time, during this period, for such or similar merchandise was 55 cents per dozen unit, net, packed.

MR. O'HARA: This matter has been discussed with Mr. Farrar, the Assistant Appraiser of this port, and with his concurrence the defendant so stipulates. [R. 2.]

On the agreed facts, I find and hold export value, as that value is defined in section 402(b) of the Tariff Act of 1930, as amended by the Customs Simplification Act of 1956, T.D. 54165, to be the proper basis for the determination of the value of the merchandise here in question and that such value was 55 cents per dozen unit, net, packed.

Judgment will issue accordingly.

JULY 18, 1963

Reap. Dec. 10566.—Bruce Duncan, a/c Goliath Distributors, Inc., et al. v. United States, Reappraisements dismissed April 23, 1963. Entered at Los Angeles, Calif. (Not published.) Motion by plaintiffs.

Reap. Dec. 10567.—Bruce Duncan Co., Inc., a/c Goliath Distributors, Inc. v. United States, Reappraisement abandoned May 17, 1963. Entered at Los Angeles, Calif. (Not published.) (Initial No. R59/10333.) Motion by plaintiff.

Reap. Dec. 10568.—John L. Westland & Son, Inc. v. United States, Reappraisement dismissed April 30, 1963. Entered at Seattle, Wash. (Not published.) Motion by plaintiff.

(Reap. Dec. 10569)

THE HOENIG PLYWOOD CORPORATION v. UNITED STATES